# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| KYLE LAUKUS, | ) | CASE NO. 5:07CV2331 |
|  | ) |  |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | OPINION AND ORDER |
|  | ) |  |
|  | ) |  |
| RIO BRANDS, Inc., *et al.*, | ) |  |
|  | ) |  |
|  | ) |  |
| DEFENDANTS. | ) |  |

Defendants Wal-Mart Stores, Sam's Club, Rio Brands, and BJ's Wholesale Club ("Defendants") have filed a motion to dismiss or to join the United States as a required party, contending that the presence of Federal tax liens against Plaintiff renders Plaintiff's standing dubious or, alternatively, requires joinder of the United States as a party to this suit under Fed. R. Civ. P. 19. (Doc. No. 204.) Plaintiff has filed a response in opposition to Defendants' motion (Doc. No. 207) and Defendants, in turn, have filed a reply in support of their motion. (Doc. No. 208.)

After the close of discovery in this case, Defendants learned that the Internal Revenue Service had general tax liens in excess of $400,000 against all of Plaintiff's "property and rights to property" (Doc. No. 204-1, p. 2) and similar liens totaling approximately $350,000 against American Pride Trust, a trust to which Plaintiff is the alleged successor. Defendants claim that they have been in contact with one David King, an IRS revenue officer, who assures Defendants that the agency intends to execute

on these liens forthwith. The sheer size of the liens, coupled with the allegedly-imminent IRS seizure, leads Defendants to conclude that Plaintiff is on the verge of losing his entire interest in the intellectual property rights that are the subject of this litigation. Plaintiff, according to Defendants, "either now has, or soon will have, no standing in this lawsuit." (Doc. No. 204, p. 1.) As such, Defendants contend, the suit should be dismissed.

Defendants' standing argument is deeply flawed. Defendants essentially maintain that standing is to be determined at least in part by speculation as to future events. This simply is not the case. True, a plaintiff must maintain a "personal interest" in the case throughout all stages of litigation. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). But the time to question whether a party has lost his personal interest in a case comes when the developments allegedly abrogating that interest actually arise, not when the challenging party contends there is a chance— however likely—that they will arise in the future.[1] At present, all that can be said is that the government has general liens against Plaintiff's property. This alone is certainly not enough to abrogate Plaintiff's personal interest in the case. *See Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 539 n.12 (3d Cir. 1994) ("[A] plaintiff does not lose standing merely because there is a lien on his recovery.").

Defendants also contend, in light of the lately-discovered liens against Plaintiff's personal property, that the United States should be joined as a required party under Fed. R. Civ. P. 19(a)(1). Rule 19(a)(1) provides as follows:

---

[1] Perhaps recognizing this need to base their argument on actual developments rather than speculation, Defendants, in their Reply in Support, invite the Court to "enter a brief stay to allow the United States to" seize and auction the intellectual property rights at issue. (Doc. No. 208.) The Court declines the invitation.

2

**(a) Persons Required to Be Joined if Feasible.**

      **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

            **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

            **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

                  **(i)** as a practical matter impair or impede the person's ability to protect the interest; or

                  **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

There is no precise formula for determining whether a party should be joined under Rule 19(a). *Babcock v. Maple Leaf, Inc.*, 424 F. Supp. 428, 431 (E.D. Tenn. 1976); *see also* 7 CHARLES ALAN WRIGHT, ARTHUR MILLER & MARY ANN KANE, FEDERAL PRACTICE AND PROCEDURE § 1604 (3d ed. 2001).  Rather, the decision should be made in terms of the general policies of "[1] avoiding multiple litigation, [2] providing the parties with complete and effective relief in a single action, and [3] protecting the absent persons from the possible prejudicial effect of deciding the case without them." *Babcock*, 424 F. Supp. at 431; *see also* 7 FEDERAL PRACTICE AND PROCEDURE at § 1604. Application of the rule should not be rigid but "should instead be governed by the practicalities of the individual case." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1346 (6th Cir. 1993).

      It is clear that neither Rule 19(a)(1)(A) nor 19(a)(1)(B)(ii) requires joinder of the United States under the present circumstances. And indeed, Defendants do not appear to argue as much. Rule 19(a)(1)(A) deals with the possibility of "accord[ing] complete relief *among existing parties*." (Emphasis added). Here, the absence of the United States will not prevent the Court from granting complete relief between Plaintiff

and Defendants. The United States may indeed have its own claims against Plaintiff's personal property, but those claims are irrelevant for purposes of 19(a)(1)(A) analysis. *See Sales v. Marshall,* 873 F.2d 115, 121 (6th Cir. 1989) (citation and internal quotation marks omitted) ("Rule 19(a)(1) focuses on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.")[2]; *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984) ("The 'complete relief' provision of Rule 19 relates to those persons already parties . . . .").

Similarly, Rule 19(a)(1)(B)(ii) is concerned with inconsistent obligations for "existing part[ies]." The parties here do not suggest how failure to join the United States would result in a significant risk of inconsistent obligations for either Plaintiff or Defendants. Nor does the Court find a significant risk of any such inconsistency. *See Bedel*, 103 F.R.D. at 81 (fact that inconsistent judgments resulting from a failure to join were within the "realm of possibility" was not enough to require joinder).

Analysis under Rule 19(a)(1)(B)(i) warrants more detailed discussion. Under 19(a)(1)(B)(i), the Court must determine (1) whether the United States claims an interest relating to the subject of the action and, if so, (2) whether failure to join the United States would "as a practical matter impair or impede the [United States'] ability to protect the interest." Defendants assert that the United States' liens against Plaintiff's property constitute such an interest and that that interest cannot be adequately protected by the United States unless it is joined as a party to this suit. Defendants' argument here

---

[2] *Sales* was decided before the 2007 restyling of the Federal Rules of Civil Procedure. The "Rule 19(a)(1)" referred to in the quotation from *Sales* is substantively identical to the current Rule 19(a)(1)(A). Similarly, references to "Rule 19(a)(2)(i)" in cases decided prior to the 2007 restyling correspond to current Rule 19(a)(1)(B)(i), and references to "Rule 19(a)(2)(ii)" in those earlier cases correspond to current Rule 19(a)(1)(B)(ii).

4

appears to be twofold. First, Defendants assert that, should the United States ultimately seize and sell the trademark and associated rights allegedly held by Plaintiff, the amount such a sale might bring will be reduced if the United States is not joined as a party to this suit. This is presumably because participation in this litigation by the United States will enhance either the chances or the amount of recovery for Plaintiff. Second, Defendants contend that, should Plaintiff recover monetarily due to either success at trial or in settlement, the United States, unless it is joined, "will undoubtedly be foreclosed from seeing a penny from any such payments [to Plaintiff]."  (Doc. No. 204, p. 8.)

       As to the first argument, it is unclear to the Court how joining the United States would increase the chances of Plaintiff success in the suit or the value of the intellectual property rights in dispute.  On this issue, Plaintiff's and the United States' interests seem very well aligned.  Plaintiff is seeking to vindicate his alleged intellectual property rights. Success by Plaintiff on this front would likely mean that the trademark in dispute would increase—not decrease—in value and thus bring more money at auction should the United States ultimately choose to seize and sell it, as Defendants are certain it will. Both Plaintiff and the United States, then, presumably have the same goal, namely, to increase the value of the trademark. True, Plaintiff may lose his suit and the value of the trademark might therefore be reduced, but it is difficult to conceive how the absence of the United States as a party would bring this about. Only "those parties whose ability to protect their interests would be impaired ***because of*** that party's absence" are required parties under Rule 19(a)(1)(B)(i).  *Mastercard Int'l v. Visa Int'l*, 471 F.3d 377, 387 (2d Cir. 2006).

5

Defendants' second argument is too speculative to warrant joinder here. Assuming the United States does ultimately execute on its liens, it is unclear why—as Defendants contend—it would be easier for the United States to execute its *general* liens now against Plaintiff's trademark rather than against the trademark or hypothetical judgment award in the future. *See Cahil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 970 (9th Cir. 2008) (citation omitted) (A party's "interest" for purposes of Rule 19(a)(1)(B) must be "more than speculation about a future event."). Further, even if joining the United States to this action would somehow make it easier for the United States to recover on the alleged back taxes in question, the causes of action asserted by Plaintiff in the present lawsuit are a matter separate and independent from the United States' alleged right to execute on its liens. Rule 19(a)(1)(B)(i) "is not triggered by the mere possibility that continuation of [a] federal case [without joining a third party] could have some effect on later litigation between" a plaintiff and such third party. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 413 (3d Cir. 1993).

None of the general policies behind Rule 19(a)—those of (1) avoiding multiple litigation, (2) providing the parties with complete and effective relief in a single action, and (3) protecting the absent persons from the possible prejudicial effect of deciding the case without them—support requiring joinder of the United States in this lawsuit. Plaintiff's trademark infringement and other claims are distinct from the United States' general lien on Plaintiff's property; effective relief as between Plaintiff and Defendants is unaffected by the presence of the United States; and the ability of the United States to prosecute a future action to execute its lien against Plaintiff is not prejudiced by its absence from this suit.

6

This conclusion is not only supported by an individualized application of Rule 19 but is also in accord with the decisions of other federal courts ruling under similar circumstances. In *Music City Coach v. Star City Coach Works*, the defendant in an action for breach of contract and conversion of a bus owned by plaintiff sought to join, under Rule 19(a), a bank which held a lien on the bus. No. 3:10-cv-00115, 2010 WL 1408272 (M.D. Tenn. Apr. 2, 2010). The court stated that there was "no reason to believe that the lien holder . . . would have any significant interest in [the] dispute, let alone an interest so significant that [it] must be joined" to the litigation and thus denied the motion for required joinder. *Id.* at *6; *see also Air-Exec, Inc. v. Two Jacks, Inc.*, 584 F.2d 942, 945 (10th Cir. 1978) (in action for conversion of an airplane, third party which held a lien on the airplane not required to be joined under Rule 19); *Terrain King Corp. v. Dutton-Lainson Co.*, 79 F.R.D. 10, 11–12 (M.D. Penn. 1977) (Insurer with workers' compensation lien and certificate authorizing plaintiff-worker to prosecute the action was not required to be joined under Rule 19.).

For the reasons set forth above, Defendants' motion to dismiss or to join the United States as a required party (Doc. No. 204) is **DENIED.**

**IT IS SO ORDERED**.

Dated: October 6, 2011

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**