IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE LAUKUS, | ) | |
| d/b/a American Pride, | ) | Case No. 05:07-CV-02331-SL |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) | The Honorable Sara Lioi |
| | ) | U.S. District Judge |
| vs. | ) | |
| | ) | |
| RIO BRANDS, INC., *et al.*, | ) | |
| | ) | |
| Defendants-Counterclaim Plaintiffs | ) | |

## **DEFENDANTS' MOTION FOR SANCTIONS**

COME NOW Defendants Rio Brands, Inc., BJ's Wholesale Club, Inc., Wal-Mart Stores, Inc., and Sam's Club (individually and collectively, "Defendants"), and respectfully move the Court, pursuant to Federal Rules of Civil Procedure 11[1/], 37, 41, and 60, and the Court's inherent power, to sanction Plaintiff Laukus and his counsel by dismissing Plaintiff Laukus' claims, with prejudice, and awarding Defendants their fees and expenses (including, but not limited to, attorneys' fees) incurred in connection with the lawsuit.

Defendants' Motion is necessitated by the eve-of-trial production by Plaintiff Laukus' attorney, Richard Martin, of a June 1, 2004 receipt reflecting Plaintiff's purchase of the very product accused of infringement in this lawsuit.  That concealed "smoking gun" conclusively establishes that Plaintiff Laukus knew of the alleged infringement for at least three years and two months before belatedly filing suit against Defendants on July 31, 2007.  Further, it directly contradicts the material false discovery responses of Plaintiff Laukus – and arguments and representations of his counsel –

---

[1/]  The procedural posture of this case, including the impending trial date, required that Defendants promptly approach the Court regarding the misconduct. As such, the timing and the Court's briefing schedule did not fit within the 21 day service set forth in Rule 11(c)(2). As the Court is aware, it may "[o]n its own . . . order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Further, if the Court deems it appropriate, Defendants will serve a separate Rule 11 Motion on Plaintiff and his counsel.

1

on which Defendants, this Court, and the Sixth Circuit have relied throughout this case.  It is only now clear that, among other things, Plaintiff's delay was neither reasonable nor a mere "5 months."

The extensive misconduct of Plaintiff Laukus and his counsel has irreparably harmed Defendants and the Court.  Both have incurred great cost and expense to prepare this case for trial on "facts" proffered by Plaintiff Laukus and his counsel that, quite simply, are not true.  To effect justice for Defendants, punish Plaintiff Laukus and his counsel, and deter future parties from similar conduct in the future, Plaintiff Laukus' claims must be dismissed with prejudice.

These and other grounds in support of this Motion are fully set forth in the Memorandum in Support which is filed contemporaneously herewith and incorporated by reference herein.

Dated this 17th day of August, 2012.

By: /s/ Ronald S. Kopp
Their Undersigned Counsel

Ronald S. Kopp (0004950)
rkopp@ralaw.com
ROETZEL & ANDRESS
222 South Main Street
Akron, OH 44308
(330) 849-6644 (Telephone)
(330) 376-4577 (Facsimile)

David A. Roodman (*admitted pro hac vice*)
daroodman@bryancave.com
Nick E. Williamson (*admitted pro hac vice*)
nick.williamson@bryancave.com
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri  63102-2750
(314) 259-2000 (Telephone)
(314) 259-2020 (Facsimile)

*Attorneys for Wal-Mart Stores, Inc. and Sam's Club*

2

By:     /s/ Ray L. Weber
         Their Undersigned Counsel

Ray L. Weber (0006497)
Laura J. Gentilcore (0034702)
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, Ohio 44308
Telephone: (330) 376-1242
Facsimile: (330) 376-9646

*Attorneys for Rio Brands, Inc. and BJ's Wholesale Club, Inc.*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was, on this 17th day of August, 2012,

filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing

system upon all counsel of record, and any other counsel of record have been served by facsimile

and/or First Class U.S. Mail.

By:  /s/ Ray L. Weber
*One of the Attorneys for Rio Brands, Inc. and BJ's Wholesale Club, Inc.*

By:  /s/ Ronald S. Kopp
*One of the Attorneys for Wal-Mart Stores, Inc. and Sam's Club*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies, pursuant to LR 37.1(a)(1) and the Federal Rules of Civil Procedure that counsel has complied with the applicable meet and confer requirements and states that the relief requested in this letter is opposed.

A personal conference was conducted via telephone conference on July 30, 2012 with the following participants Ronald S. Kopp and Nick E. Williamson (Walmart Stores, Inc. and Sam's Club), Ray L. Weber and Laura J. Gentilcore (Rio Brands, Inc. and BJ's Wholesale Club, Inc.), and Joseph T. Dattilo and John M. Skeriotis (Kyle Laukus).  Further, the Court conducted a telephone conference with counsel of record for all parties on August 1, 2012.

No agreement could be reached because Plaintiff refused to dismiss its claims against Defendants.  Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve following this requested briefing.

By:  /s/ Ray L. Weber
*One of the Attorneys for Rio Brands, Inc. and BJ's Wholesale Club, Inc.*

By:  /s/ Ronald S. Kopp
*One of the Attorneys for Wal-Mart Stores, Inc. and Sam's Club*